## NEW YORK LIFE INS. CO. *v.* DUMLER.*

(Division A.   Dec. 5, 1927.   Suggestion of Error Overruled Jan. 16, 1928.)

[115 So. 43.   No. 26186.]

1. JUDGMENT.   *Judgment of federal court in former suit on policy held res judicata.*

    Judgment of federal court in former suit on policy, holding policy to be in effect on certain date, and that insured was totally disabled at such time, *held res judicata* in state court.

2. INSURANCE.   *Evidence as to insured's total disability for one year held for jury.*

    In suit on policy, evidence as to insured's being totally disabled for a period of one year *held* sufficient for jury.

*Corpus Juris-Cyc. References: Insurance, 33CJ, p. 138, n. 13; Judgments, 34CJ, p. 1162, n. 68.

Appeal from circuit court of Bolivar county, Second district.

· HON. W. A. ALCORN, JR., Judge.

Suit by Lew J. Dumler against the New York Life Insurance Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

*A. H. Longino,* for appellant.

The insured brought suit in the second judicial district of Bolivar county. Said cause was removed to the United States Court and was tried in the federal court, and on the 24th day of November, 1923, judgment was given in favor of the insured. The only matter which should be considered now is whether or not said judgment was an adjudication of the fact that the insured was, during the insurance year ending January 23, 1922, suffering from the disability claimed and was thereby adjudged, on that date disabled by disease which prevented him from engaging in any occupation whatsoever for remuneration or profit, and that said sickness would presumably continue?

Appellant denies that said judgment had or should now have any effect or influence upon the case now before the court, which involves an independent and separate suit to determine whether Dumler at the time he brought the suit on January 17, 1924, had a cause of action against the appellant growing out of his alleged sickness or disease for the policy year ending January 23, 1923. This suit was begun on the 17th day of January, 1924. Appellant says therefore that before appellee should recover for the disability claimed in this suit it became and was necessary for him to have proven by preponderance of evidence, not only that he was disabled by disease or sickness, in the manner and within the terms of said section 1, of the policy, from engaging in any occupation whatsoever for remuneration or profit during the policy year ending January 23, 1923, but that he was and is also required to show that his alleged disability continued up to the time of the bringing of the suit, and that it presumably would be permanent. The insured signally failed to meet the burden of proof which the law required of him. We call the court's attention to the fact that by the terms of the contract sued on, disability benefits were and are based upon the specific conditions, first, of disabling

sickness, second, that such sickness must be permanent, and third, that the appellant's liability extends only to the end of the insured's disability by sickness, and that, if at any time before suit was brought the insured became able to engage in some livelihood for remuneration, his right of recovery on account of disability by sickness, then and there ceased and all presumptions on the subject came to an end.

The authorities are practically unanimous to the effect that under the terms of a policy like this the plaintiff cannot recover without showing such total and permanent disability as will prevent him from pursuing any occupation for remuneration. The language of this policy is too plain on this subject and its meaning too unmistakable to permit any enlargement of the terms of the contract by construction. *B. & O. Assn.* v. *Post,* 122 Penn. 597, 15 Atl. 885, 2 L. R. A. 44; 1 Cyc. 270; *Rhodes* v. *Ins. Co.,* 57 Lans. (N. Y.) 77; Joyce on Insurance, sec. 3031; May on Insurance, sec. 522. Beach on Insurance, sec. 262, says: "Total disability naturally means being totally disabled for all kinds of business, unless by the contract the disability is to be only from the usual occupation of the insured." See also, Bacon on Benefit Societies, sec. 395a. After January 23, 1922 and before the bringing of this suit, the insured became and was able to engage in an occupation for a livelihood, and that being thus able to do so, he did in fact on January 6, 1923, secure employment. The court's attention is here called to the evidence given by I. A. Trusdall, superintendent of sales of said Farwell & Company that on January 6, 1923, Dumler made application to said company for employment for a position of traveling salesman. That on said date a contract was made and entered into by said company with Dumler as a traveling salesman to sell its said products in that territory of the United States lying south of the Mason and Dixon line, at and for a fixed salary of two thousand three hundred dollars per annum,

and which salary was paid him with promptness and regularity each month for the year 1923, beginning on said 6th day of January 1923.

*Shands, Elmore & Causey,* for appellee.

The declaration in the case at bar is for a continuance for the same cause of action for which recovery was asked in the first case tried in the district court, and it will be noted that the same defenses are plead in this case as were plead in the federal court. The issues there made were the giving of proper notice, the making of proper application for waiver of premium, and the existence of those conditions which authorize a recovery under section 1, of the policy, and the payment of premiums which are exactly the same issues as made in the case at bar, except that the pleas in the case at bar go to the contention of the plaintiff during the year ending January 23, 1923. So on the trial in the federal court it was decided in a controversy between the same parties on the same contract that all notice required by the policy and all proof of loss required by the policy was given. It was further adjudged that there was no premiums due to be paid between January 23, 1920 and January 23, 1921. In other words, the condition of the plaintiff on January 23, 1921 entitled him to a waiver of premium that would otherwise have been due on that date. The court further adjudged that on the 23d day of January, 1922 the plaintiff was wholly disabled within the contemplation of the policy. So we say that it is adjudicated between the parties to this suit that there was no default up to January 23, 1922 in the payment of any premium, and it is also further adjudicated that plaintiff was in such condition on January 23, 1922 as to entitle him to receive the sick benefit provided for in section 1, and that being in this condition, it necessarily shows that he was not liable to payment of any premium on that date, because the court adjudged that he not only was

sick, but "that he is (was) and will (would) be presumably thereby permanently and continuously prevented from engaging, etc."

This having been adjudged, we were entitled to travel upon the presumption that he was throughout the year beginning January 22, 1922 so disabled until the contrary appeared by express adjudication. If we went no further than to show that he was on said day so disabled for that day, then the presumption would arise that he would continue in this condition until the contrary was made to appear. The company itself realized this, because it stipulated that there should be no presumption until the sickness had continued for sixty days, and further provided that when it saw fit, not oftener than once a year, it could demand another examination, but even independent of this, that is, the provisions of the policy, we are entitled to rely upon the presumption of the continuance of his illness, for while every man is presumably normal, in the absence of proof to the contrary, yet when an abnormal condition is once shown to exist, it is presumed that this continues. *Branstrator* v. *Crow,* 69 N. E. 668; *McGraw* v. *McGraw,* 50 N. E. 526. This doctrine is recognized and followed in Mississippi in the case of *Armstrong* v. *State,* 11 So. 626.

. The provisions in this particular policy were before the court in *Carson* v. *New York Life Ins. Co.,* 203 N. W. 209. I copy no excerpts because the entire opinion is pertinent to issues herein raised. See also *Clark* v. *Traveler's Ins.,* 111 Atl. 449; *United States Casualty Co.* v. *Perryman,* 82 So. 462; *Traveler's Ins. Co.* v. *Plaster,* 98 So. 909; *Young* v. *Traveler's Ins.,* 13 Atl. 896; *Mohan* v. *Supreme Lodge,* 92 N. W. 972; *Federal Life Ins. Co.* v. *Lewis,* 183 Pac. 975; *Mutual Ben. Ass'n* v. *Nancarrow* 71 Pac. 423; *Hohn* v. *Interstate. Casualty Co.,* 72 N. W. 1105; *Indus. Mut. Indem. Co.* v. *How,* 127 S. W. 457.

The authorities are multitude to the same effect, but I deem it unnecessary to cite others on the subject, from other states, as the Supreme Court of Mississippi has fol-

lowed this line of authorities. In *Insurance Co.* v. *Cato,*
113 Miss. 283, this question is very fully discussed in an
unusually exhaustive opinion, reaching this conclusion.—
"Total disability does not mean absolute physical inabil-
ity on the part of the insured to transact any kind of busi-
ness pertaining to his occupation. It is sufficient if his
injuries were of such a character that common care and
prudence required him to desist from the transaction of
any such business so long as it was reasonably necessary
to effectuate a cure. This was a duty which he owed to the
insurer as well as to himself." *Provident Life Ins. Co.*
v. *Anding,* 144 Miss. 277, 109 So. 670.

The case was fairly submitted to a jury on instructions
to which no specific objection is taken, and the jury by
their verdict allowed that during the year beginning
January 23, 1922 and ending January 23, 1923, the plain-
tiff was, by reason of disease, continuously prevented
from engaging in any occupation whatsoever for remu-
neration or profit, and that such disease was, presumably,
permanent. Appellant, in his brief, complains that if
plaintiff should recover before the time of trial that that
was conclusive evidence that his illness was not presum-
ably permanent. This position has been disposed of by
authorities hereinabove cited, and which have been by
the court read in the study of this question down to this
point, and which I will not trouble to repeat, but only
wish to say that right of action accrued, if at all, in this
case on the 23d day of January, 1923.

*A. H. Longino,* in reply for appellant.

Appellant in reply begs to call the court's attention to
the inapplicability of the following authorities: *Bran-
strator* v. *Crow et al.,* 69 N. E. 668; *McGraw* v. *McGraw,*
50 N. E. 526; *Armstrong* v. *State,* 11 So. 626. Because
appellant says the alleged sickness for which Dumler
seeks to recover is not of the same class nor possessing

the characteristics of the abnormally relied on in above cases. It certainly cannot be seriously contended that insanity and mere attacks of physical sickness are to be characterized by the same presumptions of permanency of disability. In *Buchner* v. *Jefferson Standard Life Ins. Co.*, 90 S. E. 897, the court said: ''If the contract had contained an agreement to pay, in case the plaintiff was totally disabled from following his usual occupation (as was the contract in many of the adjudicated cases), we should hold that he is entitled to recover upon the facts in this case; but the evidence fails to disclose disability that would permanently, continuously and wholly, incapacitate him from performing any and all gainful occupations. The authorities are practically unanimous that under the terms of this policy the plaintiff cannot recover without showing a bodily injury that will incapacitate him, not only from following his usual avocation, but also from performing any other gainful occupation.'' *Parker* v. *Jefferson Standard Life Ins. Co.*, 117 S. E. 772; *Whitten* v. *American National Ins. Co.*, 87 S. E. 827; *Hurley* v. *Bankers Life Ins. Co.*, 199 N. W. 334.

SMITH, C. J. The judgment of the former suit on this policy in the federal court, holding the policy to be in effect on the 23d day of January, 1922, and that the appellee was then totally disabled, and thereby unable to engage ''in any occupation whatsoever for remuneration or profit,'' is *res judicata* here. See (C. C. A.) 282 F. 969. If, therefore, from January 23, 1922, to and including the 23d day of January, 1923, the appellee was continuously unable to engage in such an occupation, he was entitled to recover here; and, on the evidence, that question was for the determination of the jury. It is true that a witness for the appellant testified that the appellee began work on January 6, 1923, but that fact was denied by the appellee, who testified that he did not begin work until the 1st day of February, 1923, and that his physical condi-

tion from January 23, 1922, to and including January 23, 1923, was such as to make it unsafe for him to engage in any sort of work, the truth of which was for the determination of the jury.

*Affirmed.*